Chief Justice Robertson
delivered the Opinion of the Court.
By his last will, published in 1827, William T. Caldwell, senior, made the following provision for the benefit of his married daughter, Lydia McChord and her children:— “ I give to my executors the tract of land whereon John McChord now lives, with all the appurtenances there- “ to, and all the negroes in possession of McChord, ex- “ cept one negro girl named Mary, which I give to my “ grand daughterlsabella McChord — my will and desire “ is, at the death of my daughter, Lydia McChord, my “ executors is to hold this property so as not to go to the “ payment of said McChord’s debts; the above named ne- “ groes and land is to be applied to the benefit of my “daughter Lydia McChord and her children during her “ life, and at her death, to be equally divided among the “ children of the said Lydia McChord, and, at my death, “ if it can be ascertained that the said Lydia has not “ got her full share of my estate, she is to get it at her ‘‘ mother’s death — but my executors is to hold it from the “payment of McChord’s debts — McChord is not to have any control over the property I have left to my exec- “ utors for the benefit of my daughter Lydia and her chil- “ dren during her life.”
And in his last will, published in 1829, William T. Caldwell,] unior, made the following provision for the benefit of his sister, (tho same Lydia McChord) and her children: — “I give and bequeath to my much esteemed “ friend Samuel Grundy, whom I have appointed a trus- “ tee for my beloved sister Lydia McChord, Isabella Mc- “ Chord, Robert McChord and all other children which “ my sister Lydia may have hereafter, all my estate, for *261 “ their benefit, which I may now or hereafter are seized “and possessed of, real, personal and mixed estate. “ And it is my desire that my said estate, so devised, “ shall be held by said trustee so appointed, in no man- “ ner subject to the control of John McChord, husband “ of Lydia McChord, or subject to the payment of his « debts; but the same is to be kept by the trustee for “ the exclusive benefit of my much beloved sister Lv- “ dia McChord, her living children, Isabella McChord, “ Robert McChord, and such other child or children as “ she may hereafter have.
“It is my desire that the trustee so appointed, will “ pursue such a course with my property, devised as “ above mentioned, as will most conduce to the welfare « of my much beloved sister and her children.”
After the death of both of the testators, Isabella McChord died, childless, unmarried and intestate; and Lydia McChord having afterwards died, after having borne another child, Lydia Ann — her husband, John McChord, mortgaged to Booker & Co. whatever interest he was entitled to in the estate of his deceased daughter Isabella.
To enforce that mortgage, by subjecting one third of the estate devised in trust to the children, Robert and Isbella and Lydia Ann, this suit in chancery was instituted. And the Circuit J udge, being of the opinion that, Isabella had such an interest in the estate devised in trust by her uncle, William T. Caldwell, jr., as would pass by operation of law to her father, as her heir and distributee, decreed the subjection .of one third of the property, so devised by the will of 1829, to the satisfaction of the mortgage debt.
This writ of error brings up that decree for revision.
It is evident that both wills were unskilfully written; and therefore, the precise intention of the testator, in either of them, cannot be ascertained with a certainty perfectly satisfactory.
After full consideration, however, we are strongly inclined to the conclusion, that each of the testators intended that John McChord should not, in any event, have any interest in the property devised in trust for *262 the benefit of his wife and children; but that after, as well as before, his wife’s death, the interests devised to his children should be held by the trustees, during his life, for the benefit of the children alone, or their children, or survivors.
The will of William T. Caldwell, senior, though it directs a distribution among McOhord’s children after their mother’s death, explicitly requires the trustees, nevertheless to hold the title, so that none of the trust property shall be subject to McChord’s control, or to the payment of his debts. Such a provision was altogether superfluous, and even incongruous, if the testator intended that McChord might, by succession or otherwise, acquire an available interest in the property after his wife’s death or before; for, as long as all his children should continue to live, he would, of course, have no right to their property, had the will been even silent as to that matter. We are disposed, therefore, to construe this will just as it should be interpreted had it declared expre'ssly that, in the event of the death of any one of the children, without living issue, during the life of John McChord, the interest of such decedent should survive to the surviving grand children and devisees. And such a limitation, being lawful, should be upheld. We therefore concur with the Circuit Court as to the constructive effect of the will of William T. Caldwell, senior.
But we can perceive no sufficient reason for discriminating between the wills, aá the Circuit Court has done. The reasons which lead to the construction given to the will of Caldwell, the elder, apply with equal force to that of Caldwell, the younger; and indeed, in the latter will, there is a circumstance, not in the former, which tends to fortify that interpretation; and that is, that the joint use devised to Mrs. McChord, was an interest in fee, and not, as in the first will, for life merely. And therefore, as the trustee was directed to hold the property so as to be in no manner subject to the control of John McChord, or to the payment of his debts, the testator’s intention should be understood to have been, that the interest of McChord’s wife should not, after her death, be under his control, or subject to his debts, in *263 any event, or to any extent; and consequently, he must have intended, also, that her interest, as well as that of her children, should inure altogether to the benefit of the latter, or to that of their children or survivors; for, not only would it be unreasonable to presume that, whilst the testator intended that her interest, even after her death, should not be subject in any manner to her husband’s debts, he nevertheless intended that the interest of any of her children who might die childless, should go to him and be subject to his debts; but the pervading and single purpose seems to have been, to secure the estate for her use and that of her children as long as any one of them should live, and to keep it from the control of John McChord, and exempt from liability for his debts.
Wherefore, it seems to us that the decree of the Circuit Court is erroneous; and therefore, it is reversed; and the cause must be remanded with instructions to dismiss the bill.